UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★   SEP 15 2008   ★
BROOKLYN OFFICE

---------------------------------------------------------------X

ROBERT HATCHER,

                    Plaintiff,

          vs.

THE CITY OF NEW YORK, THE NEW YORK
CITY POLICE DEPARTMENT, POLICE OFFICERS
MICHEAL NOBOA, BENJAMIN LEE
SARGENT CHARLES TELFORD
POLICE OFFICERS JOHN DOE NUMBERS 1-2, UNKNOWN AND
INTENDED TO BE OTHER NEW YORK CITY POLICE
OFFICERS INVOLVED IN THE OCCURRENCE
HEREIN,

                    Defendants.

---------------------------------------------------------------X

08 CV.



COMPLAINT

JURY TRIAL
DEMANDED

IRIZARRY, J.

POHORELSKY, M.J.



Plaintiff ROBERT HATCHER, by his attorney, Andrew A. Rowe Esq., complaining of

the defendants herein, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.    This is an action to recover money damages arising out of defendants' violation of

plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. §§1983, 1985, 1986

and 1988, and of rights secured by the First, Fourth, Fifth, Eighth and Fourteenth

Amendments to the United States Constitution, and the laws of the State of New

York. Plaintiff ROBERT HATCHER is an African-American man who was fifty-

seven years old at the time of the incident. Plaintiff is a United States citizen. Plaintiff

was deprived of his constitutional and common law rights when defendants POLICE

OFFICER MICHEAL NOBOA , BENJAMIN LEE, SARGENT CHARLES

TELFORD AND INTENDED TO BE OTHER NEW YORK CITY POLICE

OFFICERS INVOLVED IN THE OCCURRENCE HEREIN (hereinafter referred to as the "individual police officer defendants"), falsely accused plaintiff of crimes that he did not commit, causing plaintiff to lose his liberty and become psychologically and physically injured.

## JURISDICTION

2.     This action is brought pursuant to Civil Rights Act, 42 U.S.C. §§1983, 1985, 1986 and 1988, and of rights secured by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1343 and the aforementioned statutory and constitutional provisions.

3.     Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## VENUE

4.     Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1391 (b) because the claims arose in this district.

## PARTIES

5.     Plaintiff ROBERT HATCHER, was and still is a resident of the County of Kings, in the City and State of New York.

6.     At all times relevant herein, defendant POLICE OFFICER MICHAEL NOBOA was a police officer of the New York City Police Department and he is believed to be

2

assigned to the 88th Precinct in the County of Kings, City and State of New York. At all times relevant herein, he was acting in the capacity of agent, servant and employee of defendants THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK.

7.    At all times relevant herein, defendant POLICE OFFICER SARGENT CHARLES TELFORD was a police officer of the New York City Police Department and he is believed to be assigned to the 88th Precinct in the County of Kings, City and State of New York. At all times relevant herein, he was acting in the capacity of agent, servant and employee of defendants THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK.

8.    At all times relevant herein, defendant POLICE OFFICER BENJAMIN LEE was a police officer of the New York City Police Department and he is believed to be assigned to the 88th Precinct in the County of Kings, City and State of New York. At all times relevant herein, he was acting in the capacity of agent, servant and employee of defendants THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK.

9.    At all times relevant herein, defendants POLICE OFFICERS JOHN DOE NUMBERS 1-2, UNKNOWN AND INTENDED TO BE OTHER NEW YORK CITY POLICE OFFICERS INVOLVED IN THE OCCURRENCE HEREIN were police officers of the New York City Police Department and they are believed to be assigned to the 88th Precinct in the County of Kings, City and State of New York. At all times relevant herein, they were acting in the capacity of agents, servants and employees of

3

defendants THE NEW YORK CITY POLICE DEPARTMENT and THE CITY OF NEW YORK.

10.   At all times relevant herein, the individual police officer defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of defendant THE NEW YORK CITY POLICE DEPARTMENT and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of defendant THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein, with the power and authority vested in them as officers, agents and employees of defendant THE NEW YORK CITY POLICE DEPARTMENT and incidental to the lawful pursuit of their duties as officers, employees and agents of defendant THE NEW YORK CITY POLICE DEPARTMENT.

11.   In the alternative, at all times relevant hereto, the individual police officer defendants were acting individually and they are also being sued herein in their individual capacities.

12.   Defendant THE CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attach to the public consumers of the services provided by defendant

4

THE NEW YORK CITY POLICE DEPARTMENT.

## STATEMENT OF FACTS

13.    On or about December 8, 2007, at some time from approximately 2:23 a.m., at the corner of Classon Avenue and Fulton Street, in the County of Kings and the City and State of New York, plaintiff ROBERT HATCHER, walked out of a store when he was approached by defendant POLICE OFFICER MICHAEL NOBOA and his partner POLICE OFFICER JOHN DOE 1.

14.    Plaintiff ROBERT HATCHER was stopped by defendant POLICE OFFICER MICHAEL NOBOA and his partner POLICE OFFICER JOHN DOE 1.

15.    Plaintiff was searched by POLICE OFFICER MICHAEL NOBOA.

16.    Plaintiff had prescription medication belonging to a personal friend taken from him by POLICE OFFICER MICHAEL NOBOA.

17.    Plaintiff was handcuffed and arrested with out being told what he was being charged with.

18.    Plaintiff appeared before a judge in the arraignment part of the Kings County Criminal Court and where he was first apprised of the charges against him felony sale of a controlled substance.

19.    According to POLICE OFFICER MICHAEL NOBOA he personally saw the Plaintiff sell pills from a prescription bottle thus giving rise to his arrest.

20.    Plaintiff was held in lieu of posting bail in the amount of five thousand Dollars.

21.    Plaintiff's family posted his bail. The Plaintiff was however not released because of Defendant NYPD erroneously attaching another individual's bench warrant to the

5

Plaintiff, resulting in him being held at Riker's Island jail for an additional nine days.

22.    Prosecutors initially reduced the charges to a misdemeanor but continued to prosecute the case.

23.    Prosecutors turned over to the Plaintiff's attorney a lab report confirming plaintiffs position that the unopened prescription bottle that had only been filled by the pharmacy less than fifteen minutes before his arrest was in fact still full.

24.    On the day of trial the Prosecutors requested that the case be dismissed in the interest of justice as from the evidence they had in front of them it was obvious that the Plaintiff had committed no crime, despite the sworn statement of POLICE OFFICER MICHAEL NOBOA.

25.    As a result of the defendants' above-mentioned conduct, plaintiff who is HIV positive, suffered a violation of his due process and other Federal and state constitutional rights, loss of reputation and extreme emotional, mental and psychological anguish, including, but not limited to, loss of appetite, loss of sleep, depression, humiliation, anxiety, irritability, nervousness, discomfort and impairment of enjoyment of life, performance of daily activities and loss of benefits and/or wages.

26.    The above-mentioned acts were all conducted in violation of plaintiff's constitutional rights and were perpetrated by the defendants under color of law.  Plaintiff alleges that defendants THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT are liable for the false arrest of plaintiff under a theory of Respondeat Superior.  This is because, among other reasons, defendants THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT have

6

tolerated and permitted a pattern of illegal actions against persons, and have failed to

maintain a proper system for reviewing these violations by police officers. As a result,

New York City police officers are encouraged to believe that they can violate the

rights of persons, particularly, African-American males like plaintiff with impunity.

### FIRST CAUSE OF ACTION
### Violation of Plaintiff's Federal Constitutional Rights

27.     Plaintiff ROBERT HATCHER repeats, reiterates and realleges each and every allegation

contained in paragraphs marked 1 through 26 with the same force and effect as if more fully set forth

at length herein.

28.     The defendants' above-mentioned assault, battery and arrest of plaintiff by excessive physical

force was unlawful, an abuse of power, unreasonable and without due process of law in violation of

the Fourth and Fourteenth Amendments to the United States Constitution.

29.     As a direct and proximate result of the above-mentioned unlawful and malicious acts

committed by the individual police officer defendants, which were all committed under color of their

authority as police officers, and while acting within that capacity, plaintiff suffered physical harm,

deprivation of his liberty and emotional damage, all of which is in violation of his rights under the

Constitution and laws of the United States, in particular the First, Fourth, Fifth, Eighth and

Fourteenth Amendments to the Constitution and 42 U.S.C. §§1983, 1985, 1986 and 1988.

30.     As a further result of the above-mentioned unlawful and malicious acts committed by the

individual police officer defendants, plaintiff was deprived of his rights and immunities secured by the

Constitution and laws of the State of New York including, but not limited to, his rights to be secure in

his person, to be free from unreasonable search and seizure and punishment without due process, and

7

to equal protection of the laws.

31.     By assaulting and battering plaintiff and by subjecting plaintiff to an arrest by excessive

physical force, the defendants directly violated the rules and regulations of the New York City Police

Department.

32.     That by reason of the foregoing, plaintiff suffered serious physical and emotional injuries all to

his damage in the sum of One Million Dollars ($1,000,000.00).

## SECOND CAUSE OF ACTION
### Negligent Hiring, Retention, Training and Supervision

33.     Plaintiff ROBERT HATCHER repeats, reiterates and realleges each and every allegation

contained in paragraphs marked 1 through 32 with the same force and effect as if more fully set

forth at length herein.

34.     Defendants THE CITY OF NEW YORK and THE NEW YORK CITY POLICE

DEPARTMENT and its employees, servants and/or agents acting within the scope of their

employment did negligently hire, retain, train and supervise the individual police officer

defendants who were unfit for the performance of police duties on April 23, 2004, at the above-

mentioned location.

35.     The failure of the Mayor of the City of New York and the Police Commissioner of the

New York City Police Department to adequately hire, retain, train, supervise, discipline, or in any

other way control the behavior of the individual police officer defendants in the exercise of their

police functions, and their failure to enforce the laws of the State of New York and the

regulations of the New York City Police Department is evidence of the reckless disregard for the

rights of the public, including plaintiff, and exhibited a lack of degree of due care which prudent and reasonable individuals would show in executing the duties of the Mayor and Police Commissioner.

36.    Such conduct was carried out willfully, wantonly, maliciously and with reckless disregard for the dangers of harm and injury to the citizens of the State of New York, including plaintiff.

37.    Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

38.    That by reason of the foregoing, plaintiff suffered serious physical and emotional injuries all to his damage in the sum of One Million Dollars ($1,000,000.00).

## THIRD CAUSE OF ACTION
### Discrimination on the Basis of Race

39.    Plaintiff ROBERT HATCHER repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 38 with the same force and effect as if more fully set forth at length herein.

39.    By their conduct as set forth above, the defendants demonstrated that they were motivated in their unlawful actions by reasons of racial discrimination against plaintiff, an African-American man, in violation of the New York Human Rights Law and the New York Executive Law, as well as under the laws of the Constitution of the United States, in particular the First, Fourth and Fourteenth Amendments, and her rights under the Constitution and other laws of the State of New York.

40.    That by reason of the foregoing, plaintiff suffered serious physical and emotional injuries all to his damage in the sum of One Million Dollars ($1,000,000.00).

9

## FOURTH CAUSE OF ACTION

### False Arrest

41.     Plaintiffs ROBERT HATCHER repeat, reiterate and reallege each and every allegation
contained in paragraphs marked 1 through 40 with the same force and effect as if more fully set
forth at length herein.

42.     The above-mentioned acts and conduct committed by the defendants constituted false
arrest without cause or justification and defendants violated plaintiffs' rights under the
Constitution and laws of the State of New York.

43.     The defendants intended to confine plaintiffs and, in fact, confined plaintiffs, and plaintiffs
were conscious of such confinement.  In addition, plaintiffs did not consent to the confinement
and such confinement was not otherwise privileged.

44.     The individual police officer defendants were at all times agents, servants, and employees
acting within the scope of their employment by defendants CITY OF NEW YORK and NEW
YORK CITY POLICE DEPARTMENT, which are therefore responsible for their conduct.

45.     Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear
and adjudicate such claims.

**46.**     That by reason of the foregoing, plaintiff suffered serious physical and/or emotional
injuries all to his damage in the sum of Five Hundred Thousand Dollars ($500,000.00) as to each
plaintiff.

### FIFTH CAUSE OF ACTION

**False Imprisonment**

47.     Plaintiffs ROBERT HATCHER repeat, reiterate and reallege each and every allegation contained in paragraphs marked 1 through 46 with the same force and effect as if more fully set forth at length herein.

48.     The above-mentioned acts and conduct committed by the defendants constituted false imprisonment and defendants violated plaintiffs' rights under the Constitution and laws of the State of New York.

49.     The defendants intended to confine plaintiffs and, in fact, confined plaintiffs, and plaintiffs were conscious of such confinement. In addition, plaintiffs did not consent to the confinement and such confinement was not otherwise privileged.

50.     The individual police officer defendants were at all times agents, servants, and employees acting within the scope of their employment by defendants CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, which are therefore responsible for their conduct.

51.     Pursuant to 28 U.S.C. §1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims.

52.     That by reason of the foregoing, plaintiffs suffered serious physical and/or emotional injuries all to their damage in the sum of Five Hundred Thousand Dollars ($500,000.00) as to each plaintiff.

**JURY DEMAND**

53.     Plaintiff hereby demands trial by jury of all issues properly triable thereby.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff demands the following relief jointly and severally against all defendants as follows:

(54)    Compensatory and punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS;

(55)    On the FIFTH CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS;

(56)    That plaintiff recovers the cost of the suit herein, including reasonable attorneys fees, pursuant to 42 U.S.C. §1988; and

(57)    That plaintiff has such other and further relief as this Court shall deem just On the FIRST CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS;

(58)    On the SECOND CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS;

(59)    On the THIRD CAUSE OF ACTION against defendants, compensatory and punitive damages in the amount of ONE MILLION ($1,000,000.00) DOLLARS;

(60)    On the FOURTH CAUSE OF ACTION against defendants THE CITY OF NEW YORK and THE NEW YORK CITY POLICE DEPARTMENT and proper.

Dated: August 26, 2008
       Brooklyn, New York

_____
ANDREW A. ROWE, ESQ. (AR 3581)
The Law Office of Andrew A. Rowe
Plaintiffs' Attorney
25 Washington Street, Suite 303
Brooklyn, New York 11201

12